Prob 12
(Rev. 3/88)

United States District Court
For The
Eastern District of Wisconsin



U.S.A. vs. David Lee Dobry
    1244 Liberty Street
    Green Bay, WI 54304

Docket No. 02-CR-30
Register No. 06504-089

## Petition on Probation and Supervised Release

    COMES NOW **Jeffrey G. Kleemann**, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **David Lee Dobry**, who was placed on supervision by the Honorable **J. P. Stadtmueller** sitting in the Court at **Milwaukee, WI**, on the **6th** day of **September, 2002**, who fixed the period of supervision at **three (3)** years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. Shall report to the Probation Office in the district to which he is released within 72 hours of release from the custody of the Bureau of Prisons.
2. Shall not possess a firearm as defined in 18 U.S.C. § 921 or any other dangerous weapon.
3. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally posses any controlled substances. Such possession will result in revocation of the supervised release term and the defendant will be obligated to serve a further term in prison. He shall refrain from any unlawful use of a controlled substance.
4. Participate in the electronic monitoring program for a period not to exceed five (5) months. During this time the defendant will remain at his place of residence except for employment and other activities approved in advance by his supervising probation officer. If violations occur, the defendant could be placed in lock down status; restricted to his residence at all times; for one or more days upon order of the court. He will maintain a telephone at his place of residence without "call forwarding," "caller I.D.," a modem, "call waiting," other special services or a portable cordless telephone for the above period of time. At the direction of his supervising probation officer, the defendant shall wear an electronic monitoring ("EM") device and follow EM procedures specified by his supervising probation officer. The defendant shall pay the costs of this program as directed by his supervising probation officer.
5. Participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse as directed by the probation officer, until such time as he is released from such program, and refrain from use of alcoholic beverages throughout the period of supervision.

6. Not allowed to work at a tavern or be allowed to patronize taverns or any establishments where alcohol is the principal item of sale.
7. Shall pay the balance of restitution at a rate of not less than $100.00 per month and apply 100% of any federal and state income tax refund toward payment of the restitution. He shall not change exemptions for federal and state income taxes without prior approval from his probation officer.
8. The defendant shall not hold employment having fiduciary responsibilities during the supervision term without first notifying the employer of his conviction. He shall not hold self-employment having fiduciary responsibilities without consent of the supervising probation officer.
9. The defendant shall not open new lines of credit, which includes the leasing of any vehicle or other property, or use existing credit without previous approval from the probation officer.
10. The defendant shall provide the Probation Officer with access to all financial information including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. He shall also submit monthly financial reports to the Probation Officer.
11. Cooperate with Child Support Enforcement in payment of any child support or arrearages and make regular payments thereon at the direction of his supervising probation officer.
12. Participate in the home confinement program for a period not to exceed 60 consecutive days. During this time the defendant will remain at his place of residence except foe employment and other activities approved in advance by his supervising probation officer. If violations occur, the defendant could be placed in lock down status; restricted to his residence at all times; for one or more days upon order of the court. He will maintain a telephone at his place of residence without "call forwarding," "caller I.D.," a modem, "call waiting," other special services or a portable cordless telephone for the above period of time. At the direction of his supervising probation officer, the defendant shall wear an electronic monitoring ("EM") device and follow EM procedures specified by his supervising probation officer. The defendant shall pay the costs of this program as directed by his supervising probation officer. (Modified on 3/18/04).

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

1. Mr. Dobry will complete his three year term of supervised release on 3/12/06, which will satisfy the statutory maximum term allowable. In light of a garnishment that went into effect on 10/27/04, Mr. Dobry will remain under legal obligation to continue his restitution payments after discharging from his term of supervised release.

**PRAYING THAT THE COURT WILL ORDER** and allow Mr. Dobry's term of supervised release to expire with restitution owing.

|  |  |
|---|---|
| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct. |
| Considered and ordered this 14th day of February, 2006 and ordered filed and made a part of the records in the above case. | _____ U. S. Probation Officer |
| _____ William C. Griesbach U. S. District Judge | Place: Green Bay, WI  Date: February 14, 2006 |